# Frank Downs and H. F. Doris *v.* James McAllister, Appellant.

*Justice of the peace—Proceedings to obtain possession by purchaser at sheriff's sale—Act of June 16, 1836.*

In proceedings before a justice of the peace under the Act of June 16, 1836, P. L. 755, to obtain possession of real estate purchased at a sheriff's sale, the jurisdiction of the justice is ousted by an affidavit of a claimant to the effect that he did not claim the property as that of the defendant as whose property the same was sold, but by another deed; the affidavit setting out the place of record of the deed, and showing its date.

Argued Nov. 5, 1897. Appeal, No. 171, Oct. T., 1897, by defendant, from order of C. P. No. 2, Allegheny Co., July T., 1897, No. 772, reversing the judgment of a justice of the peace. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Certiorari to a justice of the peace.

The facts appear by the opinion of SHAFER, J., which was as follows:

Upon a judgment against Daniel Boyle, James McAllister, the defendant in error, sold the land described in the proceedings and purchased the same from the sheriff, and having obtained a sheriff's deed on October 17, 1896, gave notice on March 12, 1897, under the act of June 16, 1836, to Frank Downs as tenant in possession. On March 13, 1897, the sheriff acknowledged a deed for the same property to H. F. Doris. After the expiration of three months these proceedings were instituted by McAllister. They were admittedly regular up to the appearance of Downs, who made affidavit that he did not hold all the premises, but only a certain part which he designated, and that he held that part under H. F. Doris and not under Boyle. A summons was then duly issued to Doris as required by the act. He appeared and made affidavit that he did not claim the same by, from or under the defendant, as whose property the same were sold, but by a different title, " to wit: by a deed from Harvey A. Lowry, Esq., sheriff," setting out the place of record, etc., and showing its date to be March 13, 1897. It does not appear from the affidavit that the land was conveyed to him by a sheriff's deed founded on a judgment against Boyle, nor whose interest was conveyed to him by the deed. The alderman, however, allowed the deed to be put in evidence before him by the petitioner, and it thereupon appeared to be a deed for the interest of Boyle in the land. If Doris had confined himself to the terms of the act without specifying his title there would be no question that it was error in the justice to proceed: Hawk v. Stouch, 5 S. & R. 159. There is nothing in the affidavit itself which contradicts the general allegation that he does not hold under the defendant, and it was held in Hawk v. Stouch, supra, that after affidavits taken in the terms of the act the justice could not go further into the inquiry, either by the cross-examination of witnesses or on the testimony. But we are not satisfied that one who purchases land from the sheriff can be properly said to claim the same by, from or under the defendant in the sense of the act, and where there are two or more sheriff's sales of the same

property, it may well be that the second sale conveys the better title by reason of the priority of the lien on which it was founded or for other reasons. It certainly was never intended that such questions should be tried by justices of the peace.

We are of opinion that the affidavit of Doris was sufficient to stay the proceedings because it conformed to the terms of the act and nothing to the contrary appeared on its face, and further, because even if the magistrate had a right to inquire further and to discover that Doris claimed by a subsequent sheriff's sale of the defendant's land, that would not destroy the effect of his affidavit. The first assignment of error must be sustained. The others, except so far as they cover the same ground as the first, are dismissed.

And now, September 13, 1897, the judgment of the alderman herein is reversed and restitution awarded.

*Error assigned* was order reversing judgment of the justice of the peace.

*A. N. Hunter,* for appellant.—It is an admitted fact that the time of the service of the notice on the tenant in possession, March 12, 1897, was prior to the acknowledgment of the sheriff's deed to H. F. Doris.

It is a well settled principle that a purchaser at a sheriff's sale cannot give notice to the person in possession so as to ground a proceeding for possession of the premises before the sheriff's deed to him is acknowledged : Hawk v. Stouch, 5 S. & R. 157 ; Scheerer v. Stanley, 2 Rawle, 277 ; Thomas v. Connell, 5 Pa. 13.

*L. C. Barton,* for appellees.—There is no exception to the rule that in actions real, personal or mixed, a defense which arises during the pendency of the suit may be pleaded, after the last continuance, in bar to the plaintiff's right : Brownfield v. Braddee, 9 W. 149.

Where the oath is made it becomes the duty of the justice to stay the proceedings until the truth of the allegation is determined in a superior court: Lenox v. McCall, 3 S. & R. 95 ; Bauer v. Angeny, 100 Pa. 429 ; O'Neil v. Soles, 3 Pa. C. C. 172 ; Brown v. Gray, 5 W. 17.

PER CURIAM, January 3, 1898:

We find no error in this record. For reasons given by the learned judge of the common pleas the judgment of that court should not be disturbed.

Judgment affirmed and record remitted.